IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-210-BO-BM

PHILIP SANTANA,                                )
               Plaintiff,                  )
                                               )
v.                                             )        O R D E R
                                               )
BROOKFIELD PROPERTIES RETAIL,                  )
INC., ANDY FRAIN SERVICES, INC.,               )
ROMEO KEVANTE PRIDE,                           )
LAMONTTAE TAYLOR, and JAQUAAY                  )
WALTON,                                        )
               Defendants.                 )

This cause comes before the Court on a motion by defendants Brookfield Properties and Andy Frain Services to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1391(b) to the United States District Court for the Middle District of North Carolina. No party has responded to the motion and the time for doing so has expired. In this posture, the motion is ripe for ruling. The Court further considers the response by Brookfield Properties and Andy Frain Services to its order entered February 1, 2024, in which it held that its subject matter jurisdiction over this action is in doubt. [DE 19, 24]. For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction over the complaint and remands the case to Durham County Superior Court.

BACKGROUND

Plaintiff commenced this action by filing a complaint in Durham County, North Carolina Superior Court on November 27, 2023. Plaintiff's claims arise from injuries he received as an innocent bystander to an attempted robbery at The Streets of Southpoint Mall (Southpoint Mall) in Durham. Plaintiff alleges that he was a lawful patron and visitor to Southpoint Mall on

November 26, 2021, the day after Thanksgiving, when defendants Romeo Pride, Lamonttae Taylor, and Jaquaay Walton attempted to rob another mall patron. Plaintiff alleges that the unknown robbery victim and defendant Pride exchange gunfire during the robbery attempt and Pride, plaintiff, and another bystander were shot. Plaintiff alleges that Brookfield Properties is the owner/manager of Southpoint Mall and that Andy Frain Services was contracted by Brookfield Properties to provide security services for the mall. Plaintiff further alleges that defendants Brookfield Properties and Andy Frain Services had knowledge of the numerous violent crimes that had occurred at the mall, in particular around the holiday season, and that they negligently failed to protect lawful visitors such as plaintiff.

The complaint alleges that plaintiff and defendants Pride and Taylor are all citizens and residents of North Carolina, that Brookfield Properties and Andy Frain Services are foreign corporations authorized to conduct business in North Carolina, and that defendant Walton is a citizen and resident of Virginia. The complaint expressly alleges negligence claims against Brookfield Properties and Andy Frain Services and a claim for assault and battery against the individual defendants.

On December 20, 2023, defendants Brookfield Properties and Andy Frain Services (the corporate defendants) removed the action to this Court pursuant to its diversity jurisdiction. 28 U.S.C. §§ 1332; 1441. In the notice of removal, the corporate defendants indicate that the residence and citizenship of defendants Pride and Taylor may be disregarded for purposes of determining diversity of citizenship because, at the time of removal, they had not been properly served with the complaint. *See* 28 U.S.C. § 1441(b).

Following removal, the corporate defendants answered plaintiff's complaint and plaintiff filed a motion to strike three of their affirmative defenses. Summonses for defendants Pride and

2

Walton have issued and have been returned as executed. On February 1, 2024, the Court entered an order noting the procedural defect in the removal of this action from Durham County Superior Court to the Eastern District of North Carolina and further stating that the basis for its subject matter jurisdiction is in doubt based upon the residency and citizenship allegations in the complaint. The Court ordered the corporate defendants to respond to its order and permitted plaintiff an opportunity to respond to the corporate defendants' filing.

The corporate defendants responded the Court's order and plaintiff has failed to file a response. In their response, the corporate defendants indicate that this Court has subject matter jurisdiction over the complaint because defendants Pride and Taylor have been fraudulently joined, and thus the Court may disregard their citizenship and residency for purposes of diversity jurisdiction. The corporate defendants have also filed a motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of North Carolina to cure the procedural defect in their removal. Plaintiff has also failed to respond to the motion to transfer.

## DISCUSSION

The existence of subject matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). Once a case has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447. District courts are thus empowered to remand an action for lack of subject matter jurisdiction *sua sponte*. *Doe v. Blair*, 819 F.3d 64, 66 (4th Cir. 2016).

3

The corporate defendants do not dispute that there is no basis for this Court's subject matter jurisdiction if the citizenship and residency of all defendants is considered. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (diversity jurisdiction requires complete diversity). Rather, the corporate defendants contend that the Court may disregard Pride and Taylor when determining whether complete diversity exists under the doctrine of fraudulent joinder. "The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Id.*; *see also Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). It must thus be demonstrated that there was either "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (internal quotations and citation omitted, emphasis in original). This standard, which is even more favorable than the 12(b)(6) standard, weighs heavily in favor of the plaintiff, "who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson*, 781 F.3d at 704.

The corporate defendants argue that plaintiff cannot proceed with his claim for assault and battery under North Carolina law against any of the individual defendants because he has not alleged that Pride shot him or that any of the individual defendants attempted to shoot or rob him.

4

Under North Carolina law, claims for both assault and battery require proof of intent. *See Wilkerson v. Duke Univ.*, 229 N.C. App. 670, 675 (2013). However, North Carolina courts have recognized the theory of transferred intent in assault and battery claims. *See Holloway v. Wachovia Bank & Tr. Co.*, 109 N.C. App. 403, 418 (1993), *aff'd in part, rev'd in part on other grounds*, 339 N.C. 338 (1994); *Hensley v. Suttles*, 167 F. Supp. 3d 753, 764 (W.D.N.C. 2016), *aff'd sub nom. Hensley on behalf of N. Carolina v. Price*, 876 F.3d 573 (4th Cir. 2017). This permits recovery by an injured party where the act was committed by the defendant with the intent to affect a third person. *Hensley*, 167 F. Supp. 3d at 764. Though plaintiff has not specifically alleged that Pride fired the bullet that hit him, he has alleged that he was injured "in the exchange of gunfire," and Pride's gun could plausibly have fired the injuring bullet. Additionally, plaintiff appears to allege an additional claim of negligence against the individual defendants. [DE 1-1 ¶ 73]; *see also Edwards v. Johnson*, 269 N.C. 30, 35 (1967) ("If one is injured from the discharge of firearms negligently used or handled by another, the person causing the injury is civilly liable even though the discharge was not intended.").

The Court determines that, having considered the allegations in light of the corporate defendants' burden and the applicable standard which weighs heavily in favor of plaintiff, the corporate defendants have failed to demonstrate that the North Carolina defendants were fraudulently joined. Accordingly, this Court is without subject matter jurisdiction over this action, and it is properly remanded to Durham County Superior Court. In the absence of subject matter jurisdiction, the Court lacks authority to transfer this action to the Middle District of North Carolina. *See Chamberlain v. 7-Eleven, Inc.*, Civil Action No. 5:15CV95 (STAMP), 2015 U.S. Dist. LEXIS 146679, at *10 (N.D.W. Va. Oct. 29, 2015) (listing cases); *see also Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 208 n.4 (4th Cir. 2022).

## CONCLUSION

Accordingly, for the foregoing reasons, this action is hereby REMANDED in its entirety to the Superior Court for Durham County, North Carolina. The motion to transfer venue to the Middle District of North Carolina [DE 25] is DENIED AS MOOT.

SO ORDERED, this 8 day of April 2024.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE